UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARLOS ALVAREZ,

    Petitioner,

v.                                            CASE NO. 6:06-cv-1111-Orl-31KRS
                                                      (6:04-cr-196-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.

_____

**<u>ORDER</u>**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by Carlos Alvarez. The Government filed a response (Doc. No. 7) to the § 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 9) to the Government's response.

Petitioner alleges three claims for relief in his motion: (1) the "risk of death" element of the offense, *i.e.,* the serious bodily injury element, was not proven beyond a reasonable doubt; (2) because he was not informed that his sentence would be enhanced based on the serious bodily injury enhancement, his plea was involuntary; and (3) trial counsel rendered ineffective assistance. For the following reasons, Petitioner's motion to vacate, set aside, or correct an illegal sentence is denied.

*I.*    ***Procedural History***

Petitioner was charged by indictment with one count of distribution of heroin, the use of which resulted in serious bodily injury, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C)

(Criminal Case No. 6:04-cr-196-Orl-31KRS, Doc. No. 1, filed November 10, 2004).[1] On February 3, 2005, without a plea agreement, Petitioner entered a plea of guilty before United States Magistrate Judge Karla R. Spaulding. Magistrate Judge Spaulding entered a Report and Recommendation that the plea be accepted and sentence imposed accordingly. *See* Criminal Case Doc. No. 26. This Court accepted the plea, and adjudicated Petitioner guilty. *Id.* Doc. No. 30. A sentencing hearing was conducted; and on May 19, 2005, this Court entered a judgment, sentencing Petitioner to a 264-month term of imprisonment to be followed by three years of supervised release. *Id.* Doc. No. 36.

Petitioner appealed his conviction and sentence. On January 17, 2006, the Eleventh Circuit Court of Appeals affirmed. *See* Criminal Case Doc. No. 51.

## II. Analysis

### A. Claim One

Petitioner asserts that the serious bodily injury element of the offense was not proven beyond a reasonable doubt. Petitioner maintains a jury should have determined whether the use of the heroin resulted in the user suffering serious bodily injury.

"'Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.'" *United States v. Stallings,* 194 Fed. Appx. 827, 835 (11th Cir. 2006) (quoting *United States v. Booker*, 543 U.S. 220, 244 (2005)). Thus, when a defendant's sentence is enhanced based on facts he admits, there is no

---

[1] Hereinafter Criminal Case No.6:04-cr-196-Orl-31KRS will be referred to as "Criminal Case."

constitutional violation. *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (holding that district court did not err by enhancing sentence based on facts admitted by the defendant).

In the instant case, Petitioner was advised at his change of plea hearing that if he did not plead guilty, the Government had to prove beyond a reasonable doubt that (1) Petitioner knowingly and willfully distributed heroin and (2) that serious bodily injury resulted from the use of the heroin. (Criminal Case Doc. No. 42 at 8-9.) Additionally, before the change of plea hearing, a notice of maximum penalty was filed by the Government indicating that the term "serious bodily injury," defined in 21 U.S.C. § 802(25), is an injury which involves "a substantial risk of death. . . ." *Id.* Doc. No. 22. The notice of maximum penalty was translated to Petitioner. *Id.* Doc. No. 42 at 3. He was also informed during the change of plea hearing that the serious bodily injury to which he would be pleading guilty was that the user of the heroin stopped breathing, had heart problems, and had to be given medicine to be revived. *Id*. Doc. No. 43 at 3-4. Finally, Petitioner was advised that if he pled guilty, he would be admitting that he sold heroin to the victim who used the heroin which resulted in serious bodily injury. *Id.* Doc. No. 42 at 23, 26. Petitioner voluntarily pled guilty. *Id.* at 28. Thus, Petitioner admitted the serious bodily injury element, and the Government was not required to prove the serious bodily injury element at sentencing. Accordingly, this claim is denied.

### B. Claim Two

Petitioner contends that he was not informed prior to pleading guilty that his sentence would be enhanced based on the serious bodily injury enhancement. As a result, Petitioner contends that his plea was not voluntarily entered.

On direct appeal, Petitioner raised three claims: (1) the statutory and guideline definitions of "serious bodily injury" conflicted, resulting in him mistakenly pleading guilty to a crime he did

not commit; (2) his sentence was improperly enhanced as a result of the conflicting definitions; and (3) the district court erred by refusing to allow him to withdraw his plea. *See* Criminal Case Doc. No. 51 at 2. The Eleventh Circuit considered whether Petitioner's plea was voluntarily entered in order to determine whether this Court erred in denying his motion to withdraw his plea. *Id.* at 4-6. The appellate court examined the conflicting definitions of serious bodily injury found in the statute and the guidelines and determined that the statutory definition applied over the guideline definition. *Id.* The Eleventh Circuit concluded:

> Because the record demonstrates that [Petitioner] understood the facts to which he pled guilty, and those facts constituted "serious bodily injury" under his conviction statute and under the applicable sentencing guideline, the district court did not abuse its discretion in denying [Petitioner's] motion to withdraw his plea or in determining his sentence.

*Id.* at 6.

"'[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.'" *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)). On direct appeal, Petitioner unsuccessfully raised the issue of the voluntariness of his plea based on the application of the serious bodily injury enhancement. Moreover, the Eleventh Circuit determined that Petitioner understood the facts to which he pled guilty, including that his heroin distribution caused serious bodily injury pursuant to the statutory and guidelines definitions. Accordingly, Petitioner cannot re-litigate this claim.[2]

---

[2] Alternatively, the Court notes that the record clearly reflects that Petitioner understood the charge against him, including that the heroin distributed resulted in serious bodily injury, and voluntarily chose to plead guilty to the offense. *See* Criminal Case Doc. Nos. 42 & 43.

4

### C. Claim Three

Petitioner asserts that trial counsel provided ineffective assistance by (1) failing to object to the Court's failure to find the "serious bodily injury" element was proven beyond a reasonable doubt, (2) failing to know the law, (3) failing to investigate the consequences of the plea, and (4) failing to consult with experts about what constitutes serious bodily injury.

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id*. at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted), *cert. denied*, 514 U.S. 1131 (1995). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

In the instant case, the Court finds that trial counsel did not render ineffective assistance. First, as discussed *supra* in claim one, Petitioner was advised about the "serious bodily injury" element and was informed that the Government would have to prove it beyond a reasonable doubt if he did not plead guilty. Thus, when he pled guilty, Petitioner admitted that serious bodily injury occurred. Therefore, at sentencing the Government was not required to prove serious bodily injury.

Second, Petitioner has not established that trial counsel did not know the law. During the sentencing hearing, trial counsel indicated that he thought he had committed legal error by allowing Petitioner to plead guilty based on his understanding that serious bodily injury required a chronic or permanent condition. *See* Criminal Case Doc. No. 41 at 13, 18. Trial counsel, therefore, moved to withdraw Petitioner's plea. *Id.* at 18-19. The Court, however, reviewed the relevant definitions of serious bodily injury and concluded that the statutory definition, on which trial counsel had relied in advising Petitioner, was the applicable definition. *Id.* at 19-20. As such, the Court denied the motion to withdraw the plea. *Id.* at 30-31. Thus, trial counsel correctly advised Petitioner.

Furthermore, the record clearly establishes that trial counsel investigated the consequences of entering a plea versus going to trial.  During the plea hearing, trial counsel indicated that he advised Petitioner if he went to trial and was found guilty, the Government had indicated it would seek a life sentence enhancement pursuant to statute.  Trial counsel was trying to prevent Petitioner from receiving an even lengthier sentence should he go to trial.  *See* Criminal Case Doc. No. 43 at 4-5.  Thus, trial counsel was aware of the consequences of Petitioner entering a plea.

Finally, Petitioner has not established that he was prejudiced by trial counsel's alleged failure to consult experts about what constitutes serious bodily injury.  Petitioner pled guilty to the distribution heroin, the use of which resulted in serious bodily injury.  During the change of plea hearing, Petitioner acknowledged that the user of the heroin stopped breathing, had heart problems, and had to be given medicine to be revived.  *Id*. Doc. No. 43 at 3-4.  Petitioner's assertion that experts could have refuted that serious bodily injury occurred is merely speculation.  As such, Petitioner has not established that counsel's conduct was deficient or that he was prejudiced by counsel's conduct.  Accordingly, this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Carlos Alvarez  (Doc. No. 1, filed July 28, 2006) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

      3.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A certified copy of this Order and the judgment shall also be filed in criminal case number 6:04-cr-196-Orl-31KRS.

      4.      The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 53) filed in criminal case number 6:04-cr-196-Orl-31KRS.

**DONE AND ORDERED** at Orlando, Florida, this 21st day of March, 2007

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 3/21
Carlos Alvarez
Counsel of Record